MEMORANDUM **
Varduhi Chaparyan and her son, natives and citizens of Armenia, and her husband, Mrktich Chaparyan, a native and citizen of Lebanon, petition for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, Kozulin v. INS, 218 F.3d 1112, 1115 (9th Cir.2000), treating petitioners’ testimony as credible, see Ka *119 lubi v. Ashcroft, 364 F.3d 1134, 1138 (9th Cir.2004). We deny the petition for review.
Substantial evidence supports the BIA’s conclusion that petitioners did not establish past persecution on account of a protected ground because Varduhi Chaparyan failed to show that she was persecuted on account of a political opinion. See Ochave v. INS, 254 F.3d 859, 866 (9th Cir.2001) (where the record does not establish a connection between an event and a protected ground, the IJ is not required to accept the petitioner’s belief as fact); see also Kozulin, 218 F.3d at 1115— 17. Furthermore, substantial evidence supports the conclusion that petitioners have not established a well-founded fear of persecution if they return to Armenia. See id. Accordingly, petitioners’ asylum claim fails.
Because petitioners failed to demonstrate eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. See Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir.2005).
Substantial evidence also supports the BIA’s determination that petitioners are not entitled to CAT relief because they failed to establish that it is more likely than not that they will be tortured if they return to Armenia. See id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.